IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY MACK DORROUGH | § | |
| v. | § | CIVIL ACTION NO. 6:06cv34 |
| U.S. PAROLE COMMISSION | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Mack Dorrough, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2241 complaining of the legality of actions by the U.S. Parole Commission. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the petition, the Magistrate Judge issued a Report on February 1, 2006, recommending that the petition be dismissed for failure to exhaust administrative remedies. The Magistrate Judge also observed that Mack had a long history of filing meritless habeas corpus petitions in this Court and elsewhere; in a case entitled Dorrough v. Ferguson, civil action no. 6:01cv205 (E.D.Tex.), this Court ordered the Clerk of the Court to return unfiled any new petitions for habeas corpus relief submitted by Dorrough. The Magistrate Judge properly declined to address whether this bar applied only to matters previously adjudicated or to all habeas petitions, even those concerning matters which had not yet arisen at the time that the preclusion order was entered, noting that Dorrough's petition was plainly without merit in that it was unexhausted.

Dorrough filed objections to the Magistrate Judge's Report on February 15, 2006. In his objections, Dorrough says that the Magistrate Judge erred in concluding that he was required to exhaust administrative remedies because "the facts show that the Government itself abated the administrative remedy procedure in mockery of constitutional and statutorily mandated procedural due process." He also says that the Government "manipulated the facts to suit itself under guise of law for the illegitimate governmental purpose to circumvent the right and entitlement of the parolee." Dorrough cites to his motion to clarify his habeas corpus petition, which was filed on February 2, 2006; in this motion, he refers to his parole revocation proceeding taking place on January 25, 2006, a fact which makes quite clear that Dorrough had not exhausted his administrative remedies at the time of the filing of this petition. Dorrough's unsubstantiated conclusion that the administrative procedure is futile or ineffective is not sufficient to excuse the exhaustion requirement. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies. To the extent that Dorrough's petition challenges the validity of his underlying conviction or other matters previously adjudicated, it is ORDERED that such claims are DISMISSED with prejudice as barred by the Court's previous sanction order. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of February, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**